## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND; and SPRINKLER FITTERS LOCAL UNION NO. 281, | ) ) ) ) CASE NO.: ) ) JUDGE: |
| Plaintiffs, | ) |
| vs. | ) MAGISTRATE JUDGE: ) |
| WORLD CLASS FIRE PROTECTION LLC., an Illinois Limited Liability Company, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiffs, the AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND ("**Welfare Fund**") and the SPRINKLER FITTERS LOCAL UNION NO. 281 ("**Union**"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant WORLD CLASS FIRE PROTECTION LLC ("**World Class Fire**") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. 29 U.S.C. §§ 186, 1132(e)(1), 1145. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 186, 1132(e)(1), 1145 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that Welfare Fund is administered at 11900 S. Laramie Ave., Alsip, IL. 60803, and pursuant to 28 U.S.C. §

1

1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The **Welfare Fund** was established pursuant to collective bargaining agreements entered into between the **Union** and the National Fire Sprinkler Association and, therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The **Welfare Fund** is administered pursuant to the terms and provisions of its Agreement and Declaration of Trust (the "Trust Agreement").

5. Pursuant to the CBA, the **Union** is the authorized collection agent of the Union Protection Fund, the International Training Fund and the Labor Management Cooperation Committee.

6. The **Welfare Fund** is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(8), and is authorized to bring lawsuits on behalf of its participants and beneficiaries.

7. The **Union** is the bargaining representative of Defendant **World Class Fire** bargaining unit employees.

8. Defendant **World Class Fire** is an Illinois limited liability company with its principal place of business located in Hazel Crest, Illinois.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. **World Class Fire** is an employer engaged in an industry affecting commerce which entered into a Short Form Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement ("CBA") between the **Union** and the National Fire

Sprinkler Association in effect for the period of June 1, 2014 through May 21, 2017, and all successor agreements negotiated thereafter. (A copy of the Short Form Agreement is attached as Exhibit 1); (A copy of the CBA is attached Exhibit 2).

11. Through the CBA, Defendant **World Class Fire** became bound by the provisions of the **Welfare Fund's** Trust Agreement.

12. Pursuant to provisions of the CBA and the Trust Agreement, Defendant **World Class Fire** is required to make monthly reports of hours worked by its bargaining-unit employees and pay contributions to the **Welfare Fund** at the negotiated rate.

13. Pursuant to the provisions of the CBA, Defendant **World Class Fire** is required to make monthly reports of hours worked by its bargaining-unit employees and pay contributions for the International Training Fund and Labor Management Cooperation Committee at the negotiated rate to the **Union**, their collection agent.

14. Pursuant to the CBA and check-off cards signed by Defendant **World Class Fire's** bargaining-unit employees, Defendant **World Class Fire** is required to deduct union dues payable to the Union Protection Fund at the require rate and remit said due to the **Union**.

15. Pursuant to the CBA, Defendant **World Class Fire** is required to deduct $1.25 per hour from its bargaining-unit employees' wages and remit those deductions to the pay-day savings account for the employee. The Union is the collection agent for the pay-day savings deductions.

16. The contributions, dues and pay-day savings deductions required to be paid as set forth in paragraphs 12 through 15 above during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

17. Pursuant to Section 502(g)(2) of ERISA and the CBA, employers who fail to remit payment of their contributions, dues and pay-day savings deductions to the **Welfare Fund** and **Union** on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid and interest at an annual rate of twelve percent (12%) per annum, plus any reasonable attorney's fees, audit fees, and costs of maintaining suit. (Exhibit 2).

18. A payroll compliance audit report for the period of February 1, 2016 to December 1, 2017 revealed that Defendant **World Class Fire** failed to pay $37,754.35 in contributions and dues to the **Welfare Fund** and **Union**.

19. As a result of Defendant **World Class Fire's** failure to pay the audit deficiencies set forth in paragraph 17, Defendant **World Class Fire** also owes liquidated damages in the amount of $3,775.44 and interest through February 13, 2018 in the amount of $1,760.51 (which continues to accrue).

20. Defendant **World Class Fire** failed to pay pay-day savings deductions to the **Union** in an unknown amount.

21. Defendant **World Class Fire** also has a continuing obligation to pay contributions on behalf of its bargaining-unit employees and deduct union dues and pay-day savings deductions from its bargaining-unit employees' wages and, as a result, additional amounts may become due.

22. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant **World Class Fire.**

23. Plaintiffs have complied with all conditions precedent in bringing this suit.

24. Defendant **World Class Fire** is obligated to pay the reasonable attorney's fees and court

costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. That Judgment be entered in favor of Plaintiffs and against Defendant **World Class Fire** in the amount of $37,754.35 for unpaid contributions and union dues as revealed by the audit conducted for period of February 1, 2016 to December 31, 2017;

B. That Judgment be entered in favor of Plaintiffs and against Defendant **World Class Fire** in the amount of $3,775.44 for liquidated damages and interest at a rate of twelve percent (12%) per annum through the date of a judgment;

C. That Judgment be entered in favor of Plaintiffs and against Defendant **World Class Fire** for any other contributions, union dues, pay-day savings deductions, liquidated damages, interest, auditor's fees or attorney's fees that are found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D. That Defendant **World Class Fire** be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant **World Class Fire's** cost pursuant to 29 U.S.C. §1132(g)(2)(E).

    Respectfully submitted,

    **AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND** *et al.*

By: /s/ Roberto Martell Jr. - 6313423
    One of Plaintiffs' Attorneys

JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60604
(312) 757-5477
martell@johnsonkrol.com